# APPEALS DETERMINED

BY THE

# UNITED STATES BOARD OF TAX APPEALS.

## APPEAL OF VARLEY DUPLEX MAGNET CO.

Docket No. 1404. Submitted July 15, 1925. Decided April 21, 1926.

> INVESTED CAPITAL.—Evidence of value of tangible properties and patents paid in for stock *held* to be insufficient to form a basis for the determination of such values, and the Commissioner's determination, both with respect to invested capital and depreciation of such assets, must be approved.

*Edward T. Perine, C. P. A.*, for the taxpayer.
*Lee I. Park, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

In this proceeding the taxpayer claims relief from a proposed deficiency in income and profits taxes for the calendar year 1917 in the amount of $2,336.30, and alleges as grounds for such relief as follows:

1. That the Commissioner reduced invested capital by writing down the capital value of plant assets in the amount of $52,868.73 in excess of a reasonable allowance for the exhaustion, wear and tear and obsolescence of such assets.

2. That the Commissioner refused to restore to the value of assets of a subsidiary company the amount of $8,865.09, part of the alleged actual cost of said assets.

3. That the Commissioner allowed as the unexhausted capital value of patents the amount of $1,064.31, when he should have allowed such value in the amount of $7,584.83.

### FINDINGS OF FACT.

The taxpayer was incorporated on June 13, 1900, with an authorized capital stock of $300,000, and has its principal place of business in Jersey City, N. J.

During the year 1917 the taxpayer was the owner of all of the capital stock of the Anderson Winding Machine Co. of the par value of

1

$12,000, and of all of the capital stock of the Autocoil Co. of the par value of $51,000, and for that year the taxpayer's liability to excess-profits taxes has been adjusted on the basis of a consolidated return of these three corporations.

For a number of years after organization, the taxpayer's business was not profitable; the books were not closed from the date of incorporation to July 31, 1914, and no allowance was made during any of those years for the exhaustion or depreciation of capital assets. By 1914, however, the business had become established and it was decided to bring the books up to date so as to reflect the true state of the business. An inventory was taken July 31, 1914, purporting to show the value of the taxpayer's assets as of that date, and the book accounts were adjusted so as to reflect the result of the inventory. After taking inventory, a number of new accounts were set up, one of which was "Winding Machines and Parts." Winding machines had been purchased from time to time during the life of the corporation at varying prices. One was acquired in 1902 at a cost of $5,300, and in 1903 James C. Anderson contracted to build three machines at a total cost to the taxpayer of $6,700.

During the period from 1900 to July 31, 1914, the taxpayer carried upon its books an account designated as machinery and tools, which account on July 31, 1914, showed a debit balance of $114,856.53. No depreciation as such had been credited to this account during that period, although in 1910 the account was credited with an amount of $7,519.88, which credit had the same effect as writing off depreciation.

On July 31, 1914, the taxpayer readjusted this account—$7,222.39 was charged to profit and loss; $93,321.26 was carried forward as an inventory of winding machines and parts; $592.12 was carried forward as an inventory of power transmission equipment; and $13,-710.05 was carried forward as inventory of tools, etc. In or about February, 1921, the Commissioner authorized one of his field agents to make an audit of the taxpayer's books of account for the purpose of verifying its income and profits-tax returns for the years 1917, 1918, and 1919. The field agent reported finding that on January 1, 1902, taxpayer's machinery and tool account was charged with $75,-009.28. He computed straight-line depreciation at the rate of 5 per cent on this account and the additions thereto and upon the subdivisions thereof from July 31, 1914, to December 31, 1916, and so reduced surplus as of that date in the amount of $64,144.88 in respect to the account of winding machines and parts.

At the time the taxpayer corporation was organized, it issued all of its authorized capital stock of $300,000 for a mixed aggregate of

tangible properties and patents. There were 18 patents which then had a total remaining life of 250⅔ years, the latest expiration date being November 12, 1918. On January 1, 1917, eleven of these patents still had a total remaining life of 9⅓ years.

In August, 1909, the taxpayer set up on its books an account under the name of Anderson Winding Machine Co. Between August 28, 1909, and July 31, 1914, there were charged to this account various sums aggregating $20,865.09, and on the latter date this account was closed by charging surplus with the sum of $8,865.09 and investment with the sum of $12,000. On January 1, 1917, the taxpayer carried on its books an asset of capital stock of Anderson Winding Machine Co. $12,000, and the Anderson Winding Machine Co. carried on its books an asset designated as patents $12,000.

#### OPINION.

TRUSSELL: (1) The Commissioner's reduction of invested capital on account of depreciation during prior years of the so-called winding machines appears to amount to approximately $67\frac{3}{10}$ per cent of book value of this asset. While we might readily be willing to believe that on December 31, 1916, these properties were not $67\frac{3}{10}$ per cent ineffective on account of wear and tear, we are unable to make any definite finding upon that subject, for the reason that the taxpayer has failed to produce any evidence respecting the character and quality of these machines, the places where and the business in which they are used, or their then present condition. The Commissioner's rate of depreciation of 5 per cent may be excessive, but the record is silent on that matter.

(2) The taxpayer's account of disbursements of $20,865.09 on account of Anderson Winding Machine Co. is spread over the period from 1909 to 1914, and ripened into a capital stock asset carried on the books of the taxpayer at $12,000 par value of shares and upon the books of the Anderson Winding Machine Co. of an asset designated as patents, carried at the same figure of $12,000. While this asset, together with disbursements incident to its acquisition, appears to have cost $20,865.09, the record does not show when the patents were issued or what portion of their cost had become exhausted prior to January 1, 1917. Expenses incurred in the procurement of a capital asset and charges to profit and loss or against surplus should not be restored for the purpose of invested capital, in the absence of proof that the capital value in the asset still exists at the beginning of the taxable year. Such proof is lacking in this case.

(3) The record of this appeal contains no evidence of the cash or true value of the patents for which taxpayer's capital stock was

originally issued, nor does it contain any showing of the methods or manner in which such values have been written down from year to year as the life of the patents was gradually exhausting. We are, therefore, unable to find that the unexhausted capital value of the patents existing on January 1, 1917, was greater than the amount attributed thereto by the Commissioner.

> *The deficiency is $2,336.20. Order will be entered accordingly.*