*3 OPINION.
Tkussell:
(1) The Commissioner’s reduction of invested capital on account of depreciation during prior years of the so-called winding machines appears to amount to approximately 67^ per cent of book value of this asset. While we might readily be willing to believe that on December 31, 1916, these properties were not 67¶% per cent ineffective on account of wear and tear, we are unable to make any definite finding upon that subject, for the reason that the taxpayer has failed to produce any evidence respecting the character and quality of these machines, the places where and the business in which they are used, or their then present condition. The Commissioner’s rate of depreciation of 5 per cent may be excessive, but the record is silent on that matter.
(2) The taxpayer’s account of disbursements of $20,865.09 on account of Anderson Winding Machine Co. is spread over the period from 1909 to 1914, and ripened into a capital stock asset carried on the books of the taxpayer at $12,000 par value of shares and upon the books of the Anderson Winding Machine Co. of an asset designated as patents, carried at the same figure of $12,000. While this asset, together with disbursements incident to its acquisition, appears to have cost $20,865.09, the record does not show when the patents were issued or what portion of their cost had become exhausted prior to January 1,1917. Expenses incurred in the procurement of a capital asset and charges to profit and loss or against surplus should not be restored for the purpose of invested capital, in the absence of proof that the capital value in the asset still exists at the beginning of the taxable year. Such proof is lacking in this case.
(3) The record of this appeal contains no evidence of the cash or true value of the patents for which taxpayer’s capital stock was *4 originally issued, nor does it contain any showing of the methods or manner in which such values have been written down from year to year as the life of the patents was gradually exhausting. We are, therefore, unable to find that the unexhausted capital value of the patents existing on January 1, 1917, was greater than the amount attributed thereto by the Commissioner.

The deficiency is $2,38630. Order will be-entered accordingly.